UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No. 19-cv-02262
JASMINE VELEZ, on behalf of herself individually
and all others similarly situated,

                              Plaintiff,

            -against-                         **CLASS ACTION COMPLAINT**

CARSON SMITHFIELD, LLC,
                              Defendant.
-------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

       2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

       3.     This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

6. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and concerned an allegedly defaulted Merrick Bank Corporation ("Merrick Bank") credit card debt.

7. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

8. The principal purpose of defendant's business is the collection of defaulted consumer debts.

9. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

10. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. Upon information and belief, defendant is a foreign limited liability company formed under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13. Defendant sent to plaintiff a collection letter dated December 20, 2018.

14. In the letter, defendant alleged that plaintiff owed a Merrick Bank debt.

15. The debt was alleged to be in default.

16. Defendant sent the letter to plaintiff in an attempt to collect the allegedly defaulted Merrick Bank debt.

17. The letter was defendant's first communication with plaintiff in connection with the collection of the debt.

18. The letter was defendant's first written communication with plaintiff in connection with the collection of the debt.

19. Defendant sent no letter to plaintiff within five days after the date on which defendant sent the letter dated December 20, 2018.

20. In the letter, defendant stated, in relevant part:

"If you are disputing your debt and wish to request substantiation, you may write to the following address:
1-877-394-5975, Merrick Bank, P.O. Box 660702
Or you may contact us at 1-877-394-5975".

21. Defendant provided the aforesaid telephone number for plaintiff to call to dispute the debt and request substantiation.

22. Upon reading the letter, plaintiff believed that she may dispute the debt and request substantiation by calling the telephone number defendant provided for that purpose.

23. Upon reading the letter, plaintiff believed that by law she may dispute the debt and request substantiation by calling the telephone number defendant provided for that purpose.

24. The address defendant provided to which plaintiff should write to dispute the debt and request substantiation included no city, state or zip code.

25. On the other hand, defendant twice provided a telephone number for plaintiff to call specifically to dispute the debt and request substantiation.

26. Upon learning that federal law required her to dispute the debt only in writing in order to receive substantiation of the debt and a cessation of debt collection until the substantiation is provided, and that a verbal request over the telephone was not sufficient under federal law to obtain such substantiation or cessation from defendant, plaintiff felt surprised, confused, upset and irritated that defendant would fail to provide her with accurate information concerning her rights under federal law.

27. Defendant's provision of a validation notice later in the collection letter further confused plaintiff as to her rights under federal law, in light of the above-quoted language.

## AS AND FOR A FIRST CAUSE OF ACTION

## 15 U.S.C § 1692g(a)(4)

28. Plaintiff re-alleges paragraphs 1-27 as if fully re-stated herein.

29. In its collection letter defendant stated, in relevant part:

"If you are disputing your debt and wish to request substantiation, you may write to the following address:
1-877-394-5975, Merrick Bank, P.O. Box 660702
Or you may contact us at 1-877-394-5975".

30. In its collection letter, defendant told plaintiff she may dispute the debt and request substantiation by calling the telephone number defendant twice provided for that purpose.

31. Defendant's said statement to plaintiff violates the FDCPA, § 1692g(a)(4).

32. The FDCPA, § 1692g(a)(4), requires that defendant notify plaintiff that she must timely dispute the debt *in writing* in order for defendant to have the duty to provide verification of the debt.

33. A verbal dispute over the telephone is insufficient under § 1692g(a)(4) to preserve plaintiff's right to obtain substantiation of the debt.

34. A verbal dispute over the telephone is insufficient under § 1692g(a)(4) to place the duty on defendant to provide substantiation of the debt.

35. Further, pursuant to § 1692g(b), as long as plaintiff disputes the debt *in writing* as required by § 1692g(a)(4), defendant must cease collection of the debt until defendant provides substantiation of the debt to plaintiff.

36. A verbal dispute by plaintiff is insufficient to preserve plaintiff's right to have defendant cease collection of the debt until defendant provides substantiation of the debt.

37. A verbal dispute by plaintiff is insufficient to place the duty on defendant to cease collection of the debt until defendant provides substantiation of the debt.

38. If plaintiff were to dispute the debt verbally by calling defendant at the telephone number twice provided by defendant specifically for that purpose, as defendant told plaintiff she may do, defendant would be under no duty under the FDCPA to provide substantiation of the debt to plaintiff.

39. If plaintiff were to dispute the debt verbally by calling defendant at the telephone number twice provided by defendant specifically for that purpose, as defendant told plaintiff she may do, defendant would be under no duty under the FDCPA to cease collection of the debt until defendant provides substantiation to plaintiff.

40. Defendant's above-quoted statement to plaintiff in its collection letter violates the FDCPA, § 1692g(a)(4).

## CLASS ALLEGATIONS

41. Plaintiff re-alleges paragraphs 1-40 as if fully re-stated herein.

42. This action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. § 1692g(a)(4). The class does not include defendant or persons who are officers, directors, employees or representatives of defendant.

43. The class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a collection letter concerning a consumer debt, which collection letter states, in sum or substance, that if the consumer is disputing the debt and wish to request substantiation the consumer may contact defendant at a telephone number provided by defendant, from one year before the filing of this complaint to the date of the filing of this complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

44. Pursuant to Federal Rule of Civil Procedure 23(b)(3), a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA, § 1692g(a)(4), by sending letters to consumers which stated that consumers may dispute their debts and request substantiation by contacting defendant by telephone.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

48. As a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding maximum statutory damages to the class pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(c) awarding maximum statutory damages to plaintiff pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(f) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       March 12, 2019.

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com